IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL GRANADOS,

      Petitioner,

      v.

BRIAN COOK, WARDEN,

      Respondent.

CASE NO. 2:16-CV-00879
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth A. Preston Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

### Facts and Procedural History

Petitioner challenges his convictions after a jury trial in the Fairfield County Court of Common Pleas on trafficking and possession of heroin. The trial court imposed a term of six years incarceration. On April 24, 2014, the state appellate court affirmed the judgment of the trial court. *State v. Granados*, No. 13-CA-50, 2014 WL 1691308 (Ohio App. 5th Dist. April 24, 2014). On September 24, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Granados*, 140 Ohio St.3d 1440 (Ohio 2014).

Over two years later, on September 13, 2016, Petitioner executed the instant habeas corpus petition. He asserts that the evidence is constitutionally insufficient to sustain his

conviction on aggravated trafficking in drugs and that such conviction is against the manifest weight of the evidence and the trial court abused its discretion by permitting admission of certain evidence against him (claim one); that the trial court erred in denying his motion to suppress evidence (claim two); and that he was denied the effective assistance of counsel because his attorney declined a plea offer from the State without informing Petitioner of the plea offer and failed to advise Petitioner that the trial court would likely take into account his lack of a prior record at sentencing.

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final on December 22, 2014, ninety days after the Ohio Supreme Court's September 24, 2014 dismissal of his appeal, when the time period expired for seeking a petition for a writ of *certiorari* in the United States Supreme Court. *See Weese v. Sloane*, No. 1:15CV122, 2016 WL 614001, at *2-3 (N.D. Ohio Feb. 16, 2016) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir. 2000); *Ajumu v. Goodrich*, No. 1:13CV189, 2014 WL 1236268 at * 1 (N.D. Ohio March 24, 2014); *Pimental v. Hudson*, No. 1:07-CV-01163, 2008 WL 4186922 at * 1 (N.D. Ohio Sept. 5, 2008)). The statute of limitations began to run on the following day, and expired one year later, on December 23, 2015. Petitioner waited more than eight months later, until September 13, 2016, to execute this habeas corpus petition.

Petitioner contends that the Court should equitably toll the statute of limitations, however, because he has little knowledge of the English language, his attorney failed to advise him of his right to seek post-conviction or habeas corpus relief, and he has acted diligently in pursuing relief. Petitioner states that he attends the prison's law library daily and has obtained the assistance of another inmate to act as a translator. Petitioner argues that his attorney should have advised him of the time limitations for filing a federal habeas petition.

The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Equitable tolling of the statute of limitations, however, is granted sparingly in habeas cases. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish entitlement to equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him

from filing in a timely fashion. *Holland v. Florida*, 560 U.S.641, 649 (2010) (citing *Pace,* 544 U.S. at 418)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker*, No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D.Tenn. Jan.9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). Similarly, bad advice from a fellow inmate or other non-lawyers does not constitute grounds for equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14–cv–10423, 2014 WL 2217238, at *5 (E.D. Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 F. App'x 579, 580–81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204–05 (D.C. Cir. 2000); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 655 (N.D. Tex.1998)). A "[p]etitioner's reliance on jailhouse lawyers is not an extraordinary circumstance warranting equitable tolling." *Arriaga v. Gonzales*, No. 13–1372–AG (JPR), 2014 WL 5661023, at 12 (C.D. Cal. Oct.31, 2014) (citations omitted). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–

264, 2012 WL 1229397, at *9 (W.D. Mich. April 12, 2012) (citations omitted). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer,* No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov.11, 2014) (citing *Rodriguez v. Elo,* 195 F.Supp.2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida,* 549 U.S. 327, 336–37 (2007) (citation omitted). In *Holland*, 560 U.S. 631, the Supreme court held that egregious misconduct by an attorney may constitute an extraordinary circumstance warranting equitable tolling of the statute of limitations, but noted that a "garden variety claim of excusable neglect," such as a miscalculation that leads a lawyer to miss a filing deadline, would not justify the equitable tolling of the statute of limitations. *Id.* at 651-52 (citations omitted). However, "[g]enerally, 'a lawyer's mistake is not a valid basis for equitable tolling.' " *Hernandez v. Eberlin*, No. 5:07CV399, 2008 WL 2967662, at *6 (N.D. Ohio July 25, 2008) (citing *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). "Moreover, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling." *Elliott v. Dewitt*, No. 00-3329, 2001 WL 523527, at *2 (6th Cir. May 8, 2001) (citations omitted). Here, counsel's alleged failure to advise Petitioner

of the time limitations for seeking federal habeas corpus relief does not justify equitable tolling of the statute of limitations.

The record likewise fails to reflect that equitable tolling is warranted based on Petitioner's lack of proficiency with the English language.

> [W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from assessing the courts, the lack of proficiency is insufficient to justify equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002).  Other courts agree, "the mere inability to understand English is not itself sufficient to warrant equitable tolling."  *Levy v. Osborne*, No. 1:10-0005, 2013 WL 3877816, at *3 (M.D. Tenn. July 26, 2013) (citing *Perez v. Florida*, 2013 WL 2319827 at *2 (11th Cir. May 28, 2013)). "[E]quitable tolling may be justified if language barriers actually prevent timely filing." *Id*. (citing *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006)).  The record fails to reflect that Petitioner's lack of proficiency in the English language prevented him from timely filing.  "Were this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking. Such a result is contrary to common sense." *Soto v. Birkett*, No. 5:06-CV-54, 2006 WL 2850578, at *7 (W.D. Mich. Oct. 3, 2006) (quoting *Cortez v. Petrovsky*, No. 803 CV1482T30MSS, 2006 WL 289113, at *1-2 (M.D.Fla. Feb. 7, 2006) (failure to provide Spanish speaking interpreters to non-English speaking inmates in the Florida prisons does not warrant equitable tolling); *Fennell v. Artuz*, 14 F.Supp.2d 374, 377 (S.D. N.Y.1998) (tolling the statute of limitations for prisoners while they learn English and educate themselves in the law, would defeat the limiting purposes of AEDPA). "The fact that Petitioner

is untrained in the law, denied access to a law library, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling." *Soto v. Birkett*, 2006 WL 2850578, at *7 (citing *Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *Burnett v. Birkett*, No. 00-10144-BC, 2002 WL 31748843, at *6-7 (E.D. Mich. Nov. 26, 2002).

Petitioner fails to explain his delay in pursuing federal habeas corpus relief. The record does not demonstrate that Petitioner acted with diligence or that an extraordinary circumstance prevented his timely filing. Accordingly, Petitioner is not entitled to the equitable tolling of the statute of limitations.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b) (1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge