**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

SAMUEL GRANADOS,

                Petitioner,         :   Case No. 2:16-cv-879

    - vs -                            District Judge Algenon L. Marbley
                                       Magistrate Judge Michael R. Merz

WARDEN,
  Southeastern Correctional Institution,
                                 :
                Respondent.

---

## REPORT AND RECOMMENDATIONS

---

      This habeas corpus case, brought *pro se* by Petitioner Samuel Granados under 28 U.S.C. §
2254, is before the Court for decision on the merits. Granados filed his Petition September 13,
2016 (ECF No. 1). Upon initial review under Rule 4, Chief Magistrate Judge Elizabeth A. Preston
Deavers recommended dismissal of the Petition as time-barred (Report and Recommendations,
ECF No. 2). District Judge Marbley sustained Petitioner's Objections (ECF No. 5, PageID 17,
citing *Holland v. Florida*, 560 U.S. 631, 648 (2010)) on the basis of Petitioner's claim that the
statute should be equitably tolled

> [B]ecause his attorneys failed to advise him of the procedures for
> seeking federal habeas corpus relief or of the time limitations to do
> so, and due to his inability to read or understand the English
> language. Petitioner contends that he diligently pursued relief by
> attending the prison's law library and seeking the assistance of a
> translator. Petitioner maintains that his inability to understand
> English prevented him from timely filing. He states that prison
> officials failed to provide him access to Spanish legal materials, and
> he was unable to procure the assistance of a translator until after the
> statute of limitations had already expired.

(Opinion and Order, ECF No. 6, PageID 40.) Having recited the standard for equitable tolling

applicable to a person in Petitioner's circumstances, Judge Marbley concluded that

> Petitioner "has pointed to no specific steps that he took during the limitations period - such as requesting that Spanish language legal materials be brought to the prison, petitioning for access to an interpreter, seeking out a bilingual inmate to provide assistance, or attempting to improve his own English skills that might constitute 'reasonable diligence.'" [*Roldan v. Reilley*, No. 13-cv-447-PB, 2014 WL 3573596,] at *4 (citing [*Pabon v. Mahoney*, 654 F.3d 385, 402 (3rd Cir. 2011); *Ramos-Martinez v. United States,* 638 F.3d 315, 324 (1st Cir. 2011))]. Therefore, the Court does not conclude at this time that Petitioner has established that he acted diligently or that his lack of proficiency with the English language prevented him from timely filing. However, because Petitioner has alleged facts which, if true, may entitle him to equitable tolling of the statute of limitations, and because the statute of limitations is an affirmative defense, *see Howard v. Tibbals,* No. 1:12-cv-1661, 2014 WL 201481, at *9 (N.D. Ohio Jan. 17, 2014)(citation omitted), Petitioner's *Objection* (ECF No. 5) is SUSTAINED.

*Id.* at PageID 41.

Pursuant to Judge Marbley's Order, the Respondent filed a return of Writ, with the State Court Record attached, on February 17, 2017 (ECF Nos. 13, 13-1). The next filing in the case is Petitioner's July 16, 2018, Motion for an Order Directing Respondent to Comply with Fed.R.Civ.P. 5(b)(2)(C), complaining that he had never received a copy of the Answer and State Court Record (ECF No. 14). Chief Magistrate Judge Deavers granted the Motion and set a date for a reply by petitioner of twenty-one days after service (ECF No. 15).

The State responded with a cover letter, dated February 17, 2017, showing it had complied with Fed.R.Civ.P. 5 by sending Mr. Granados a copy when it was filed (ECF No. 16-1). This letter corroborates the Certificate of Service on the Return of Writ (ECF No. 13, PageID 77). Nevertheless, the State again sent the Return and State Court Record to Petitioner on July 20, 2018 (ECF No. 16).

Petitioner's time to file a reply expired August 13, 2018, and no reply has been filed. Thus,

the case is ripe for decision. The Magistrate Judge reference of the case was recently transferred to the undersigned to help balance the workload in the District. Ultimate decision of the case remains with District Judge Marbley.

On initial review, Chief Magistrate Judge Deavers raised the statute of limitations defense *sua sponte*, but it has now been pleaded by the Respondent in the Return of Writ (ECF No. 13, PageID 61). Respondent argues that the statutory time is properly calculated under 28 U.S.C. § 2244(d)(1) from the date on which Granados' conviction became final on direct appeal. The Ohio Supreme Court declined jurisdiction over the direct appeal on September 24, 2014. *State v. Granados*, 140 Ohio St. 3d 1440 (2014). The conviction therefore became final on direct appeal ninety days later on December 23, 2014, when Granados's time for seeking a writ of certiorari from the United States Supreme Court expired. The time for filing expired one year later on December 23, 2015. 28 U.S.C. § 2244(d)(1). The petition here was not filed until September 13, 2016, when Granados placed it in the prison mailing system (Petition, ECF No. 1, PageID 4).[1] This is the calculation of time made by Chief Magistrate Judge Deavers upon initial review (Report, ECF No. 2).

In his Objections to Chief Magistrate Judge Deavers' recommendation of dismissal, Granados made the claim that the time should be equitably tolled (ECF No. 5). As Judge Marbley concluded, he had not established entitlement to equitable tolling on the basis of the facts in his Objections (Opinion and Order, ECF No. 6, PageID 41).

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland*, 560 U.S. at 645. "Under *Holland*, a litigant is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary

---

[1] Inmates are entitled to a filing date for court papers of the date they place the paper in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 279 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750 (2016), quoting *Holland*, 560 U.S. at 649; *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 560 U.S. at 649; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756 (emphasis in original), citing *Holland*, 560 U.S. at 649.

Despite the opportunity provided by Judge Marbley, Petitioner has provided no additional facts beyond those that Judge Marbley found insufficient.

**Conclusion**

Based on Petitioner's inability to prove equitable tolling, it is respectfully recommended that the Petition be dismissed as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 6, 2019.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the

proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. . Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).